IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELVIN H. BENTON                              :

    Petitioner                                    :

v                                             :        Civil Action No. WDQ-09-1003

UNITED STATES PAROLE COMMISSION   :

    Respondent                                    :

o0o

## MEMORANDUM

Pending is Respondent's Motion to Dismiss. Paper No. 7. Petitioner has filed an opposition to the motion. Paper No. 10.

**Background**

Petitioner filed this Petition for Writ of Habeas Corpus while incarcerated at Eastern Correctional Institution (ECI) serving a Maryland sentence. Paper No. 1. He asserts a federal parole revocation detainer had been lodged against him and his requests for disposition of the detainer were unavailing. *Id*.

Petitioner was serving a 6-year sentence imposed by this Court when he was paroled from federal custody on August 20, 1990. Paper No. 7 at Ex. 1. On May 14, 1991, a warrant was issued for Petitioner's arrest for parole violation. *Id*. The warrant was ultimately lodged as a detainer with the Maryland Division of Correction where Petitioner was serving a sentence.

Respondent asserts that Petitioner has now been transferred to federal custody and held pursuant to the parole revocation warrant, entitling him to a hearing within 90 days of the execution of the warrant. Paper No. 7. Respondent further claims this matter is now moot because the detainer has been lifted. *Id*. Moreover, Respondent asserts that this court lacks jurisdiction to order disposition of the parole revocation warrant. *Id*.

**Standard of Review**

Under Article III of the Constitution, this Court may only exercise jurisdiction over a case that presents a "live case or controversy." A case becomes moot when the parties no longer have a legally cognizable interest in the outcome of the case. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982). Where the Court has no effective relief to offer and can no longer serve the intended harm-preventing function, the controversy is no longer live. *See Friedman's Inc. v. Dunlap*, 290 F. 3d 191, 197 (4th Cir. 2002), *citing County Motors v. General Motors Corp.*, 278 F. 3d 40, 43 (1st Cir. 2002).

**Analysis**

To the extent that Petitioner's claim is based on the existence of a detainer lodged against him, the matter is moot, as the detainer no longer exists. To the extent that Petitioner complains of an undue delay in providing a parole revocation hearing, that allegation is not yet ripe for review. *See Gaddy v. Michael*, 519 F. 2d 669, 673 (4th Cir. 1975) (delay in parole revocation must be both unreasonable and prejudicial to parolee). "[T]here is no inflexible time standard . . . within which the Board must act, either in the execution of the warrant or, after its execution, in according the parolee his hearing rights." *Id*. at 674. There is no way to determine if Petitioner has been prejudiced by any delay until the revocation hearing takes place. Petitioner is incarcerated, and he does not allege that his current incarceration is illegal. These factors weigh heavily against a finding that any delay in providing him with a parole revocation hearing is prejudicial to him. "[I]t has been the uniform rule that the execution of the warrant may be held in abeyance awaiting the outcome of pending criminal charges against the parolee, where . . . such charges are the basis for the warrant and any delay thereby occasioned will be deemed reasonable." *Id*. Petitioner may challenge the result of his parole revocation hearing *after* it

takes place; therefore, the instant petition will be dismissed without prejudice.  A separate Order follows.


August 14, 2009                                            _____/s/_____
Date                                                             William D. Quarles, Jr.
                                                                      United States District Judge